IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

BILLY E. PRINCE,

                   Plaintiff,

v.                         //    CIVIL ACTION NO. 1:17CV142
                                 (Judge Keeley)

SEARS HOLDINGS CORPORATION;
SEARS HOLDINGS CORPORATION
ADMINISTRATIVE COMMITTEE; and
PRUDENTIAL INSURANCE COMPANY OF
AMERICA,

                   Defendants.

**MEMORANDUM OPINION AND ORDER GRANTING DEFENDANTS' MOTION TO
DISMISS [DKT. NO. 8] AND DISMISSING COMPLAINT WITH PREJUDICE**

    The plaintiff, Billy E. Prince ("Prince"), filed a complaint
on August 16, 2017, in which he alleged that the defendants had
breached certain fiduciary duties owed to him under ERISA (Dkt. No.
1). Now pending is the motion to dismiss filed by the defendants,
Sears Holdings Corporation ("Sears"), Sears Holdings Corporation
Administrative Committee (the "Committee"), and Prudential
Insurance Company of America ("Prudential")(Dkt. No. 8). For the
reasons that follow, the Court **GRANTS** the motion and **DISMISSES**
Prince's complaint **WITH PREJUDICE**.

## I. BACKGROUND

**A.    Factual Background**

    The Court's recitation of the facts is taken from Prince's
complaint (Dkt. No. 1), which the Court construes in the light most

**MEMORANDUM OPINION AND ORDER GRANTING DEFENDANTS' MOTION TO DISMISS [DKT. NO. 8] AND DISMISSING COMPLAINT WITH PREJUDICE**

favorable to Prince. See De'Lonta v. Johnson, 708 F.3d 520, 524 (4th Cir. 2013).

Sears is the sponsor of an employee welfare benefit plan (the "Plan") governed by the Employment Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 et seq. The Plan provides certain employee benefits, including dependent life insurance benefits (the "benefit") to eligible participants. Prince, a Sears employee, was a participant in the Plan, and was eligible to enroll in the benefit.[1] Sears and the Committee administer the life insurance plan through Prudential.

On or about November 1, 2010, Prince submitted an application to Sears, for $150,000 in optional life insurance coverage for his wife, Judith Prince ("Mrs. Prince"). On May 23, 2011, Sears sent a "Health and Group Benefits Confirmation of Coverage" to Prince, and, in June 2011, it began withholding premiums from his paychecks.

In late 2011, Mrs. Prince learned that she had Stage IV liver cancer. In October 2012, almost a year after Mrs. Prince's initial

---

[1] Dependent life insurance insures the life of a participant's dependent, with the participant (or other designee) as the beneficiary. Here, Prince was a participant in the Plan, as well as the named beneficiary for the benefit.

**MEMORANDUM OPINION AND ORDER GRANTING DEFENDANTS' MOTION TO
DISMISS [DKT. NO. 8] AND DISMISSING COMPLAINT WITH PREJUDICE**

diagnosis, Prince accessed his online Sears benefits summary, which confirmed his election to purchase life insurance coverage for his wife in the amount of $150,000.

Another year passed, and in September 2013, Sears sent Prince an "Account Update Notice" advising him that Mrs. Prince's coverage had never become effective because no "Evidence of Insurability" questionnaire had been submitted. Sears explained that Prudential had sent a letter to Prince in January 2011 advising that it would terminate his application for life insurance coverage unless a completed insurability questionnaire was submitted. Prince claims that he has no record of receiving that letter, nor any correspondence advising that his application for life insurance was incomplete or had been denied, until receipt of the September 2013 notice.

On May 26, 2014, Mrs. Prince died, and on November 3, 2014, Prudential denied Prince's claim for life insurance benefits.

**B.    Procedural Background**

Prince filed a complaint against Sears in the Circuit Court of Marion County, West Virginia, on December 8, 2014. The complaint asserted one count of "constructive fraud/negligent representation" and one count of "intentional/reckless infliction of emotional

distress" based on Sears's alleged misrepresentations regarding the optional life insurance policy. Prince sought payment of $150,000 and other damages.

On January 16, 2015, Sears removed the case to the Northern District of West Virginia and subsequently moved to dismiss the complaint, arguing that ERISA completely preempted Prince's state law claims. Prince opposed the motion and moved to remand the case. On December 21, 2015, the Northern District granted the motion, holding that ERISA completely preempted Prince's claim. Accordingly, the Court denied Prince's motion to remand and dismissed the complaint without prejudice to refile an ERISA claim after exhausting administrative remedies available to him (Dkt. No. 8-4). Specifically, the Court concluded that Prince's claims were "enforceable under section 502(a) of ERISA." Id. at 12.

Prince timely appealed, and on January 27, 2017, the Court of Appeals for the Fourth Circuit affirmed, finding that ERISA completely preempted Prince's state law claims and that Prince's claims were "enforceable under section 502(a)." (Dkt. No. 8-5).

Prince then filed this lawsuit against the defendants on August 16, 2017, seeking relief pursuant to ERISA section 502(a)(3), based on the defendants' alleged breaches of fiduciary

**MEMORANDUM OPINION AND ORDER GRANTING DEFENDANTS' MOTION TO DISMISS [DKT. NO. 8] AND DISMISSING COMPLAINT WITH PREJUDICE**

duty (Dkt. No. 1). Prince alleges that, by letter dated February 22, 2017 and received on March 6, 2017, Prudential denied his second appeal and request for reconsideration of its decision to deny his claim, and that he therefore has exhausted his administrative remedies under ERISA.

Prince's complaint alleges a cause of action for breach of fiduciary duty under ERISA against all defendants. He alleges that the defendants, as ERISA fiduciaries, pursuant to section 1104, had the duty to provide him with accurate information regarding his wife's life insurance policy, to administer the policy in the best interests of Mr. and Mrs. Prince, and to discharge their fiduciary responsibilities regarding the policy with the requisite care, skill, prudence, and diligence.

Prince further alleges that the defendants breached the duties owed to him by misrepresenting the status of Mrs. Prince's life insurance coverage for over two years, by withholding from Prince's paycheck premiums for life insurance coverage which did not exist, by failing to promptly advise Prince that his wife's application for life insurance was deficient, and by failing to administer the life insurance plan in the best interest of Mr. and Mrs. Prince.

**MEMORANDUM OPINION AND ORDER GRANTING DEFENDANTS' MOTION TO DISMISS [DKT. NO. 8] AND DISMISSING COMPLAINT WITH PREJUDICE**

Prince contends that he does not have an adequate remedy pursuant to the terms of the life insurance plan as he did not receive notice of any deficiency with his wife's application and therefore did not submit the evidence of insurability questionnaire in 2011. He thus seeks equitable relief sufficient to make him whole, pursuant to ERISA section 502(a)(3), 29 U.S.C. § 1132(a)(3).

On November 8, 2017, the defendants moved to dismiss Prince's complaint with prejudice, arguing that his claim is time barred by the applicable statute of limitations (Dkt. No. 8). The motion is fully briefed, and argument was heard on December 15, 2017.

## II. STANDARD OF REVIEW

Fed. R. Civ. P. 12(b)(6) allows a defendant to move for dismissal on the grounds that a complaint does not "state a claim upon which relief can be granted." When reviewing the sufficiency of a complaint, a district court "must accept as true all of the factual allegations contained in the complaint." Anderson v. Sara Lee Corp., 508 F.3d 181, 188 (4th Cir. 2007) (quoting Erickson v. Pardus, 551 U.S. 89, 94 (2007)). "While a complaint . . . does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the

**MEMORANDUM OPINION AND ORDER GRANTING DEFENDANTS' MOTION TO DISMISS [DKT. NO. 8] AND DISMISSING COMPLAINT WITH PREJUDICE**

elements of a cause of action will not do." <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007) (internal citation omitted). A court is "not bound to accept as true a legal conclusion couched as a factual allegation." <u>Papasan v. Allain</u>, 478 U.S. 265, 286 (1986).

In order to be sufficient, "a complaint must contain 'enough facts to state a claim to relief that is plausible on its face.'" <u>Anderson</u>, 508 F.3d at 188 n.7 (quoting <u>Twombly</u>, 550 U.S. at 547). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009).

Generally, a motion to dismiss "does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." <u>Republican Party of N.C. v. Martin</u>, 980 F.2d 943, 952 (4th Cir. 1992). If it appears from the face of the complaint, however, that a cause of action has not been brought within the applicable statute of limitations period, the defense of limitations may be raised in a pre-answer motion pursuant to Federal Rule of Civil Procedure 12(b)(6). <u>See</u> <u>Brockington v. Boykins</u>, 637 F.3d 503, 506 (4th Cir. 2011)(noting that dismissal is "appropriate when the face of the complaint clearly reveals the

7

**MEMORANDUM OPINION AND ORDER GRANTING DEFENDANTS' MOTION TO
DISMISS [DKT. NO. 8] AND DISMISSING COMPLAINT WITH PREJUDICE**

existence of a meritorious affirmative defense"); <u>see</u> <u>also</u> <u>Hughes</u>
<u>on behalf of Hughes v. Bank of Am. Nat'l Ass'n</u>, 697 F. App'x 191,
192 (4th Cir. 2017)(affirming dismissal of complaint on statute of
limitations grounds).

<u>III. DISCUSSION</u>

In support of their motion, the defendants argue that Prince's
complaint is time barred by ERISA's statute of limitations for
breach of fiduciary duty claims, and that the Court should not toll
the statute. Prince argues, however, that to the extent that the
statute of limitations applies to his claim, the statute was tolled
and does not bar this action.

**A.    Statute of Limitations**

The defendants first argue that ERISA section 1113, Limitation
of Actions, applies to Prince's breach of fiduciary duty claim.
Prince, however, argues that the defendants' motion to dismiss is
premature, and that section 1113 does not apply because he might
bring a breach of fiduciary duty claim based upon fiduciary
obligations arising from something other than the "part" of ERISA
(Part 4) referenced in section 1113.

ERISA has an express statute of limitations for breach of
fiduciary duty claims. Specifically, ERISA section 1113 provides:

**MEMORANDUM OPINION AND ORDER GRANTING DEFENDANTS' MOTION TO DISMISS [DKT. NO. 8] AND DISMISSING COMPLAINT WITH PREJUDICE**

> No action may be commenced under this subchapter with respect to **a fiduciary's breach of any responsibility, duty, or obligation under this part, or with respect to a violation of this part**, after the earlier of--
>
> > (1) six years after (A) the date of the last action which constituted a part of the breach or violation, or (B) in the case of an omission the latest date on which the fiduciary could have cured the breach or violation, or
> >
> > (2) **three years after the earliest date on which the plaintiff had actual knowledge of the breach or violation**;
>
> except that in the case of fraud or concealment, such action may be commenced not later than six years after the date of discovery of such breach or violation.

29 U.S.C. § 1113 (emphasis added).

Prince's complaint unambiguously seeks relief pursuant to ERISA section 502(a)(3) (Dkt. No. 1 at ¶ 9)("This action seeks relief pursuant to § 502(a)(3) (29 U.S.C. § 1132(a)(3)) of ERISA"). His claim is premised solely on the defendants' alleged breach of fiduciary duties, based on their alleged failures 1) to provide Prince with accurate information regarding his wife's life insurance policy, 2) to administer the policy in the best interests of Mr. and Mrs. Prince, and 3) to discharge their fiduciary responsibilities regarding the policy with the requisite care, skill, prudence, and diligence. Id. at ¶¶ 35-36. In other words,

**MEMORANDUM OPINION AND ORDER GRANTING DEFENDANTS' MOTION TO DISMISS [DKT. NO. 8] AND DISMISSING COMPLAINT WITH PREJUDICE**

Prince's complaint sets forth a sole claim under section 502(a)(3) based upon the defendants' fiduciary duties. It contains no other claims. <u>Id.</u>, <u>passim</u>.

Prince's contention that his claim for breach of fiduciary duties might arise under some part of ERISA other than the "part" referenced in section 1113 (<u>i.e.</u>, 29 U.S.C. §§ 1101-1112) is unpersuasive. He fails to identify any ERISA fiduciary duty prescribed by another part of the statute; further, section 1104 of ERISA is plainly the part of the statute that prescribes the duties Prince alleges the defendants violated. <u>See</u> 29 U.S.C. § 1104 ("Fiduciary Duties"). In fact, Prince's complaint specifically cites to section 1104 in describing the fiduciary duties allegedly owed by the defendants to Prince under ERISA (Dkt. No. 1 at ¶ 35).

Prince's related argument, that the defendants' motion is premature because discovery could reveal additional duties owed by the defendants, is similarly unpersuasive. The complaint sets forth only a claim under section 502(a)(3) based upon the defendants' section 1104 fiduciary duties, and Prince has identified no duties at issue beyond those imposed by section 1104 (Dkt. No. 1 at ¶¶ 9, 35-36).

**MEMORANDUM OPINION AND ORDER GRANTING DEFENDANTS' MOTION TO DISMISS [DKT. NO. 8] AND DISMISSING COMPLAINT WITH PREJUDICE**

Significantly, the cases relied on by Prince do not support his contention that section 1113 does not apply to his claim. See, e.g., Wright v. Sw. Bell Tel. Co., 925 F.2d 1288, 1290-91 (10th Cir. 1991)(holding that section 1113 did not apply to a claim for benefits); Kilpatrick v. Intertrade Holdings, Inc., No. 1:02-173, 2003 WL 21938912, at *3 n.2 (E.D. Tenn. July 7, 2003)(noting that section 1113 is limited to ERISA sections addressing breaches of fiduciary duties). Rather, the Fourth Circuit has stated that "[f]or any claim that alleges a breach of fiduciary duty, ERISA provides a three-year statute of limitations. 29 U.S.C. § 1113(a)(2)." Shofer v. Hack Co., 970 F.2d 1316, 1318 (4th Cir. 1992). See also Browning v. Tiger's Eye Benefits Consulting, 313 F. App'x 656, 660 (4th Cir. 2009)("breach of fiduciary duty ... claims are subject to the statute of limitations framework provided in ERISA 413, 29 U.S.C. § 1113").

Finally, Prince makes no argument that section 1113's six-year limitations period applies because he lacked knowledge of either the breach or any alleged fraud or concealment.

At bottom, Prince's complaint asserts one claim: breach of fiduciary duties under ERISA section 502(a)(3) against the

11

defendants. Accordingly, the limitation provision in section 1113 applies to Prince's claim.

Further, Prince's breach of fiduciary duty claim is premised on his allegation that the defendants did not provide him with accurate information concerning his wife's life insurance coverage (Dkt. No. 1, ¶ 35-40). He specifically alleges in his complaint that he learned of the cancellation of the benefit due to lack of evidence of insurability on September 26, 2013, when Sears sent him a notice informing him that his wife's coverage had been reduced. Id. at ¶ 16-17). From this, it is clear that Prince had actual knowledge of the alleged breach of fiduciary duty on September 26, 2013. Pursuant to section 1113, therefore, the three-year statute of limitations on any breach of fiduciary duty claim  ran on September 26, 2016. Prince did not file his complaint until August 16, 2017, however, almost one year after the statute ran (Dkt. No. 1). Accordingly, his complaint is time barred by ERISA's statute of limitations for breach of fiduciary duty claims.

**B.  Tolling**

Prince argues that, to the extent that the statute of limitations applies to his claim, the statute was tolled and does not bar this action. Specifically, Prince argues that the statute

12

**MEMORANDUM OPINION AND ORDER GRANTING DEFENDANTS' MOTION TO DISMISS [DKT. NO. 8] AND DISMISSING COMPLAINT WITH PREJUDICE**

was tolled by language in the life insurance plan (the "Plan"), and by the totality of the circumstances, including the pursuit of his administrative remedies and the district court's order dismissing his prior lawsuit. The defendants argue that neither of these arguments has merit.

### 1.   The Plan

Prince argues that the Plan tolls the statute of limitations. He cites in support of this argument a provision in its benefit claim and appeal procedures that states, "[i]f you elect to submit the dispute to the second level of appeal, the **[P]lan** agrees that any statute of limitations or other defense based on timeliness is tolled during the time that the appeal is pending" (Dkt. No. 12 at 8; Dkt. No. 12-14 at 22)(emphasis added). Prince argues that during the time at which the defendants claim the statute of limitations expired, September 26, 2016, he was exhausting his administrative remedies, including his second level appeal of Prudential's claim denial decision, and that, pursuant to the language of the Plan, any applicable limitations period should therefore be tolled.

As the defendants point out, however, the **Plan** agreed to toll any statute of limitations pending the outcome of a second appeal. Prince, however, has not sued the Plan, but rather its purported

**MEMORANDUM OPINION AND ORDER GRANTING DEFENDANTS' MOTION TO DISMISS [DKT. NO. 8] AND DISMISSING COMPLAINT WITH PREJUDICE**

fiduciaries, for alleged breaches of fiduciary duties (Dkt. No. 1, ¶¶ 9, 30-43). Moreover, the language Prince cites in the Plan appears in the "Claims Information" section, which provides information about how to file claims for benefits and how to appeal adverse decisions with respect to those claims (Dkt. No. 12-14 at 18). The agreement to toll the statute of limitations is therefore limited to claims for Plan benefits. The instant action does not allege a claim for benefits under the Plan; rather, it asserts a statutory breach of fiduciary duty claim, which is not subject to the Plan's claim and appeal procedures. Accordingly, the language of the Plan does not require tolling of section 1113's limitations period.

>    **2.    Exhaustion of Administrative Remedies and the Prior Lawsuit**

Prince next argues that the statute of limitations should be tolled pending the exhaustion of his administrative remedies and because the district court, in dismissing his original complaint, stated it was dismissing without prejudice pending exhaustion of administrative remedies (Dkt. No. 12 at 9-11).

The Fourth Circuit has made clear that exhaustion is a prerequisite for filing a claim for benefits under section

**MEMORANDUM OPINION AND ORDER GRANTING DEFENDANTS' MOTION TO DISMISS [DKT. NO. 8] AND DISMISSING COMPLAINT WITH PREJUDICE**

502(a)(1)(B), but it is not a prerequisite for filing a claim for breach of fiduciary duty

> with respect to a claim for breach of fiduciary duty brought pursuant to subsection 502(a), a plaintiff must only exhaust his administrative remedies 'where the basis of the claim is a plan administrator's denial of benefits or an action by the defendant closely related to the plaintiff's claim for benefits.' ... However, **where the basis of the claim is not based on a denial of benefits or closely related to a claim for benefits, administrative exhaustion is not required**.

Hall v. Tyco Int'l, Ltd., 223 F.R.D. 219, 237 (M.D.N.C. 2004), quoting Smith v. Snydor, 184 F.3d 356, 362 (4th Cir. 1999)(internal citations omitted)(emphasis added). In other words, to the extent that a plaintiff's claim is a true breach of fiduciary duty claim pursuant to section 502(a)(3), administrative exhaustion is not required. Id. at 238.

Here, Prince clearly has brought his breach of fiduciary duty claim pursuant to section 502(a)(3); thus exhaustion of his administrative remedies does not toll the statute. Exhaustion only enabled him to file a claim for benefits under section 502(a)(1)(B), which he clearly has elected not to pursue. See Dkt. No. 1 at ¶ 40 ("Mr. Prince does not have an adequate remedy pursuant to the terms of the subject life insurance plan."); see also Dkt. No. 12 at 15 ("In Mr. Prince's situation, the subject

**MEMORANDUM OPINION AND ORDER GRANTING DEFENDANTS' MOTION TO DISMISS [DKT. NO. 8] AND DISMISSING COMPLAINT WITH PREJUDICE**

ERISA life insurance policy does not provide him with an adequate remedy. The equitable relief described . . . is Mr. Prince's best shot at being made whole pursuant to ERISA.").

Prince nonetheless argues that, despite the rule in <u>Smith</u>, no determination is necessary as to whether his current claim required administrative exhaustion because the Northern District's December 21, 2015, Memorandum Opinion and Order "explicitly required [him] to exhaust his administrative remedies 'before filing any related action.'" (Dkt. No. 12 at 10, citing Dkt. No. 8-4, "This Court finds that because Prince's stated causes of action 'duplicate, supplement, or supplant the ERISA civil enforcement remedy,' those claims are completed preempted by ERISA. As such, Prince must first exhaust the administrative remedies available to him under the ERISA statutory scheme before re-filing any related action."). The defendants argue, however, that neither the initial lawsuit's removal to the Northern District, nor the Court's prior order in that case have any bearing on whether section 1113 should be tolled here.

The Fourth Circuit has held that the commencement of an action in the improper forum does not toll the statute of limitations. <u>Shofer v. Hack Co.</u>, 970 F.2d 1316, 1318-20 (4th Cir.

1992)(affirming district court's finding that plaintiff's ERISA claims were barred by the section 1113, and that equitable tolling was not applicable).

In Shofer, the plaintiff timely filed an ERISA claim in Maryland state court, which dismissed the claim because jurisdiction for the claim lay exclusively in federal court. The plaintiff then filed his claim in federal court, but after the limitations period had run. In response to the defendant's motion for summary judgment based on the statute of limitations, the plaintiff asserted that his timely filed state action "should equitably toll the running of the statute of limitations under federal tolling principles." Id. at 1318. The Court rejected that argument, holding that "[t]he commencement of an action in a clearly inappropriate forum, a court that clearly lacks jurisdiction, will not toll the statute of limitations." Id. at 1319.

The Fourth Circuit recently reaffirmed this principle in Woodson v. Allstate Ins. Co., 855 F.3d 628, 634 (4th Cir. 2017), where it rejected the plaintiffs' argument that their filing in North Carolina state court, which clearly lacked jurisdiction because federal law exclusively governs claims made on insurance

**MEMORANDUM OPINION AND ORDER GRANTING DEFENDANTS' MOTION TO DISMISS [DKT. NO. 8] AND DISMISSING COMPLAINT WITH PREJUDICE**

policies issued under the National Flood Insurance Program, should equitably toll the federal one-year statute of limitations:

> The Woodsons' filing in state court was no more meaningful than the similar state court filing in Shofer. And because the state court lacked jurisdiction, the fact that the action was subsequently removed to federal court, rather than dismissed has no impact on the running of the statute of limitations.

Id. The Court concluded that because the complaint was not filed in federal court within the one-year limitations period, as required by the National Flood Insurance Act, the claim was time barred.

Here, as in Shofer and Woodson, Prince initially filed his lawsuit in state court, and the complaint asserted claims governed exclusively by federal law. More precisely, Prince did not assert claims over which the state court could assert jurisdiction (as all were preempted by ERISA), nor did he assert a breach of fiduciary duty claim (nor any claims at all against the Committee or Prudential). The first time Prince filed a breach of fiduciary duty claim under ERISA section 503(a) was when he filed the instant lawsuit on August 16, 2017, almost one year after the three-year statute of limitations had run. Therefore, pursuant to Shofer and Woodson, Prince's initial lawsuit, which was clearly commenced in

an improper forum, does not apply to toll the three-year limitations period under ERISA.

In addition, language in the Northern District's December 2015 order noting that Prince "must exhaust the administrative remedies available to him under the ERISA statutory scheme before re-filing any related action" was not a directive or explicit order that Prince must exhaust administrative remedies before filing a claim for breach of fiduciary duty under ERISA section 502(a)(3). Rather, as discussed above, administrative exhaustion would have enabled Prince to file a claim for benefits under section 502(a)(1)(B), a path he elected not to pursue in the instant suit, instead taking a "best shot" at relief pursuant to section 502(a)(3) (Dkt. No. 12 at 15).

Finally, Prince argues that the totality of the circumstances, including his prior lawsuit, should equitably toll the statute of limitations. The Fourth Circuit has instructed that

> [g]enerally, parties are entitled to equitable tolling only if they show that they have pursued their rights diligently and extraordinary circumstances prevented them from filing on time . . . Equitable tolling is reserved for those rare instances where--due to circumstances external to the party's own conduct--it would be unconscionable to enforce the limitation period against the party and gross injustice would result . . . The use of equitable tolling must be guard and infrequent, lest

> circumstances of individualized hardship supplant the rules of clearly drafted statutes.

Hughes on behalf of Hughes v. Bank of Am. Nat'l Ass'n, 697 F. App'x 191, 192 (4th Cir. 2017)(internal citations omitted).

Here, Prince has failed to establish grounds for equitable tolling. There is no dispute that Prince first learned of the facts that form the basis of his breach of fiduciary duty claim on September 26, 2013. Accordingly, he could have filed the instant action at that time, without exhausting his administrative remedies, but chose not to do so. And, even after filing his initial lawsuit, Prince failed to file an ERISA claim, despite being on notice that he needed to file such a claim well before the statute of limitations ran on September 26, 2016.

Most notably, on December 21, 2015, Prince was informed by the district court that his claims were actionable under ERISA section 502(a) when it dismissed his initial complaint without prejudice to refile an ERISA action. In short, any delay in filing the instant ERISA claim was caused by Prince's refusal to assert his claim until after his appeal was rejected by the Fourth Circuit, even though he could have done so at any time.

Accordingly, the Court declines to find that the applicable statute of limitations was tolled pending Prince's exhaustion of

**MEMORANDUM OPINION AND ORDER GRANTING DEFENDANTS' MOTION TO
DISMISS [DKT. NO. 8] AND DISMISSING COMPLAINT WITH PREJUDICE**

administrative remedies, nor by the removal of his initial lawsuit to the Northern District or the Court's prior order in that case.

### IV. CONCLUSION

For the reasons discussed, the Court concludes that Prince's claim is barred by the applicable statute of limitations and that Prince failed to establish that the statute was tolled. Accordingly, the Court **GRANTS** the defendants' motion (Dkt. No. 8) and **DISMISSES** Prince's complaint **WITH PREJUDICE**.

It is so **ORDERED**.

The Court directs the Clerk to transmit copies of this Order to counsel of record.

DATED: December 21, 2017.

/s/ Irene M. Keeley
IRENE M. KEELEY
UNITED STATES DISTRICT JUDGE